IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00027-MR

EDDRICCO L. BROWN-BEY,[1]          )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )
                                    )
STATE OF NORTH CAROLINA, et al.,    )        ORDER
                                    )
            Defendants.             )
_____ )

**THIS MATTER** is before the Court on initial review of the *pro se* Complaint [Doc. 1] and on the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 4].

**I.    BACKGROUND**

The pro se Plaintiff is presently serving a sentence of more than 17 years on state habitual felon, larceny, and drug charges at the Bertie

---

[1] Also known as Eddricco Lishaun Brown.

Correctional Institution.[2] On February 5, 2022,[3] the Plaintiff filed this civil action pursuant to 42 U.S.C. §§ 1983 and "18 U.S.C.A. § 241-242, 18 U.S.C.A. § 1203, 18 U.S.C. A. § 112(2), 5th, 8th, 9th and 19th Articles (Amendments) to the U.S. (Republic) Constitution Bill of Rights of (1791) and the 11th Articles (Amendment) to the U.S. Constitution (Republic) of (1798) the United Nations Declaration of the Rights of Indigenous Peoples Articles 1, 2, 3, 4, 6, (71-2), 9th, 37 and 40, the Universal Declaration of Human Rights Articles 1, 3, 5, and 15(i), the Treaty of Peace and Friendship of 1836 between Morocco and the United States Articles Articles 20, 21, and 22. Constituting 'Fraud and Misrepresentation' pursuant to Federal Rule of Civil Procedure Rule 9(b) and Federal Law 22 U.S.C.A. chapter 2 & 141-145 Foreign Relations and Intercourse Violations … [and] conspiracy pursuant to 42 U.S.C.A. § 1985." [Doc. 1 at 3].

The Plaintiff names as Defendants: the State of North Carolina; Milton Oliver Fletcher, a prosecutor; Mitchell County; the Mitchell County "Court of Superior Sessions"; the North Carolina Division of Adult Corrections; and

---

[2] This information was gleaned from NCDPS's website. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0700738&searchOffenderId=0700738&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed March 22, 2022); Fed. R. Evid. 201.

[3] Houston v. Lack, 487 U.S. 266 (1988) (establishing the prisoner mailbox rule); see Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

2

Eddie M. Buffaloe Jr., the Secretary of NCDPS. He asserts that he is a "Cherokee Native American [who is] being held hostage for profit by the Public Servants of the State of North Carolina – Division of Adult Corrections under a 'fraudulent' corporate fiction (Eddricco Lishaun Brown)…" on a September 20, 2016 conviction. [Id. at 5]. He claims that his present incarceration constitutes "psychological slavery" resulting in "post-traumatic slave disorder." [Id. at 29]. He further appears to claim that he is in imminent danger, stating:

> On 01/24/22 (I) the petitioning/ Plaintiff Eddricco Brown-Bey filed statement by witness Notice to Principal is Notice to Agents within the U.S. District Court Case # 1:21-cv-000247-MR Document 15. The plaintiff (me) is in 'Imminent Danger,' and in Protective Custody as of now. Formal Charges were in the affidavit 138(b) and are left unrebutted.

[Doc. 1 at 27].

He seeks $50 million in compensatory damages, $10 million in punitive damages, and injunctive relief, i.e., to be recognized as a "Cherokee Moorish-American with Immunity," and immediate release from NCDPS's custody. [Id.].

## II. DISCUSSION

The Prison Litigation Reform Act's (PLRA) three-strikes rule "generally prevents a prisoner from bringing suit in forma pauperis (IFP) – that is, without first paying the filing fee – if he has had three or more prior suits

3

'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim on which relief may be granted.'" Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020) (quoting 28 U.S.C. § 1915(g)). Any of the enumerated types of dismissals counts as a strike, "whether [the dismissals are] with prejudice or without." Id. To avoid application of the three-strikes bar, a prisoner must demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The requisite imminent danger must address a danger that is "close at hand, not a past infraction," and "must have some nexus or relation to those of the underlying complaint." Meyers v. Comm'nr of Soc. Sec. Admin., 801 F. App'x 90, 96 (4th Cir. 2020). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)).

The Plaintiff has filed at least three prior civil actions that count as strikes under § 1915(g): Brown-Bey v. North Carolina, 5:17-ct-3253-D, 2019 WL 165697 (E.D.N.C. Jan. 9, 2019) (§ 1983 action dismissed for failure to state a claim); Brown-Bey v. Hooks, 3:18-cv-460-FDW, 2018 WL 4620617

(W.D.N.C. Sept. 26, 2018) (§ 1983 action dismissed as frivolous); Brown-Bey v. Hooks, 1:18-cv-15-FDW, 2018 WL 576309 (W.D.N.C. Jan. 26, 2018) (same). See also Brown-Bey v. North Carolina, 3:19-cv-188-FDW, 2019 WL 6717045 (W.D.N.C. Dec. 10, 2019) (§ 1983 action dismissed pursuant to § 1915(g)); Brown-Bey v. N.C. Dep't of Health and Human Servs., 3:21-cv-413-MR, 2021 WL 5043987 (W.D.N.C. Oct. 29, 2021) (same).

The Plaintiff's present claims relate to a 2016 conviction for which he is presently incarcerated. He seeks to avoid the three-strikes bar by claiming that he is in imminent danger. He alleges in conclusory fashion in the Complaint that he faces imminent harm, and he refers to a "Notice" filed in Case No. 1:21-cv-247. The Notice contains the same frivolous arguments that he is an "Aborigine Cherokee Moorish-American National" that are set forth in the Complaint, and conclusively states that his "Life is in 'Imminent Danger.'" [Case No. 1:21-cv-247, Doc. 15 at 2]. Neither the Complaint nor the Notice in Case No. 1:21-cv-247, however, contains any specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.

The Plaintiff has filed at least three prior civil actions that count as strikes; he has not prepaid the filing fee; and he has failed to demonstrate that he is in imminent danger of physical harm. Therefore, he may not

5

proceed in forma pauperis pursuant to § 1915(g), and the Court will dismiss the Complaint without prejudice.[4] The Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 4] is denied, and the Order for Prisoner Trust Account Statement [Doc. 6] is vacated as moot.

## III. CONCLUSION

In sum, the Complaint will be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g). Accordingly, the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is denied, and the Order for Prisoner Trust Account Statement is vacated as moot.

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

(2) The Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 4] is **DENIED**.

(3) The Order for Prisoner Trust Account Statement [Doc. 6] is **VACATED** as moot.

The Clerk of Court is instructed to add this case to the Plaintiff's Filer Status Report in CM-ECF, and close this case.

---

[4] Even if the Compliant were not barred by the three-strikes provision of § 1915(g), the Court would dismiss it because it is frivolous and, on the face of the Complaint, it is barred by the three-year statute of limitations.

**IT IS SO ORDERED.**

Signed: March 27, 2022

*(signature)*

Martin Reidinger
Chief United States District Judge